UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRIAN GUINDON,
        Plaintiff,

      v.                                  Case No. 3:14CV396(VAB)

CONNECTICUT MANAGED
HEALTH CARE, ET AL.,
        Defendants.

## ORDER OF DISMISSAL

      The plaintiff, Brian Guindon, commenced this action by filing a Complaint naming Connecticut Managed Health Care, Drs. Lawlor, O'Halloran, and Ruiz, Deputy Warden Powers, Nurses Estrom and Jane Doe, Health Services Administrators Brown and Lightner, Commissioner James E. Dzurenda, and Lieutenant Ogando as defendants. At that time of the filing of the Complaint, Mr. Guindon was incarcerated at MacDougall Correctional Institution in Suffield, Connecticut. On April 3, 2014, the Court issued an Order granting his application to proceed *in forma pauperis* and directing him to notify the Clerk if his address changed at any time during the litigation of the case. Under Rule 83.1(c), D. Conn. L. Civ. R., "[a]ny party appearing *pro se* must give an address within the District of Connecticut where service can be made upon him or her in the same manner as service is made on an attorney."

      On April 7, 2014, Mr. Guindon hand-delivered a change of address, indicating that he was no longer in prison and resided in Hartford, Connecticut. On July 1, 2014, a

1

document mailed to Mr. Guindon at his address on file with the Court was returned as undeliverable by the United States Postal Service. The envelope included a notation that it was undeliverable because the plaintiff no longer resided at the Hartford address.

On December 1, 2014, this Court issued a Notice to Plaintiff directing Mr. Guindon to effect service of the Complaint by December 22, 2014 and informing him that if he failed to effect service by that date or show good cause for his failure to effect service, the case would be dismissed. On December 11, 2014, the United States Postal Service returned the envelope containing the Notice as undeliverable to the plaintiff's address in Hartford, Connecticut.

Now, more than two months after the Court's deadline for the plaintiff to effect service of the Complaint, the plaintiff has not contacted the Court, responded to the Notice regarding service of the Complaint, or sent in a written document containing a current address where he may be served with Orders and other documents filed in this case. Because the plaintiff has failed to comply with a rule and order of the court, the case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is directed to close this case.

SO ORDERED this 27th day of February, 2015 at Bridgeport, Connecticut.

      /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE